JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Emmanuel Asante

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John J. Stanzione, Esq.  Lamb McErlane PC
24 E. Market St., P.O. Box 565
West Chester, PA 19381-0565          (610) 430-8000

## DEFENDANTS

Community Education Centers, Inc.; and
GEO Group, Inc.

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent ☐ 835 Patent - Abbreviated | ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine ☐ 345 Marine Product | Liability | | New Drug Application ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | Employment | **Other:** | ☐ 462 Naturalization Application | | State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e
Brief description of cause:
Race, Color and Ethnic Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*        JUDGE _____    DOCKET NUMBER _____

DATE 6/1/20

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Emmanuel Asante | : | CIVIL ACTION |
| v. | : | |
| Community Education Centers, Inc.; and GEO Group, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| June 1, 2020 | | Plaintiff Emmanuel Asante |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 430-8000 | (610) 692-0877 | jstanzione@lambmcerlane.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____1125 Duncan Avenue, Yeadon, PA 19050_____

Address of Defendant: _____500 Cheyney Road, Thornton, PA 19342_____

Place of Accident, Incident or Transaction: _____500 Cheyney Road, Thornton, PA 19342_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/01/2020__          _[signature]_          __41175__
Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # *(if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __John J. Stanzione, Esquire__, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __06/01/2020__          _[signature]_          __41175__
Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # *(if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Emmanuel Asante                              :
                                             :
                    V.                       :            Civil Action
                                             :            No: _____
Community Education Centers, Inc. and        :
GEO Group, Inc.                              :

DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _____
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

☐          The nongovernmental corporate party, _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           _____
           _____
           _____
           _____

June 1, 2020
_____              _____
        Date                                            Signature

                    Counsel for:      _____Plaintiff_____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
   (a)    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
          two copies of a disclosure statement that:
          (1)    identifies any parent corporation and any publicly held corporation
                 owning 10% or more of its stock;  or

          (2)    states that there is no such corporation.

   (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
          (1)    file the disclosure statement with its first appearance, pleading,
                 petition, motion, response, or other request addressed to the court;
                 and
          (2)    promptly file a supplemental statement if any required information
                 changes.

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMANUEL ASANTE | : | |
| 1125 Duncan Avenue | : | Civil Action - Law |
| Yeadon, PA 19050 | : | |
| Complainant | : | |
| | : | |
| v. | : | No.: |
| | : | |
| COMMUNITY EDUCATION CENTERS, INC. | : | |
| 500 Cheyney Road | : | |
| Thornton. PA 19342 | : | |
| | : | |
| and | : | |
| | : | |
| GEO GROUP, INC. | : | |
| 500 Cheyney Road | : | |
| Thornton. PA 19342 | : | |
| Respondents | : | |

## COMPLAINT

AND NOW, COMES the Plaintiff, Emmanuel Asante, by and through his counsel, John J. Stanzione, Esq. of LAMB McERLANE PC and files this Complaint in the above-referenced action alleging the following:

## PARTIES

1.    The Plaintiff, Emmanuel Asante, is a non-Caucasian, non-white adult individual residing at 1125 Duncan Avenue, Yeadon, Delaware County, Pennsylvania 19050.

2.    The Defendant, Community Education Centers, Inc. (herein "CEC"), is an out-of-state corporation doing business within the Commonwealth of Pennsylvania.

1

3.      At all relevant times herein, CEC has managed and operated the George W. Hill Correctional Facility at 500 Cheyney Road, Thornton, Delaware County, Pennsylvania 19342.

4.      The Defendant, GEO Group, Inc. (herein "GEO Group"), is an out-of-state corporation doing business within the Commonwealth of Pennsylvania.

5.      As of April, 2017, the GEO Group acquired CEC and thus became the parent corporation of CEC.  As the parent corporation, GEO Group has managed and operated the George W. Hill Correctional Facility at 500 Cheyney Road, Thornton, Delaware County, Pennsylvania 19342.

## JURISDICTION AND VENUE

6.      This Complaint alleges discrimination in employment on account of race, color and ethnicity and retaliation in violation of the laws and statutes of the United States, specifically Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et. seq.) as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166. This Complaint also raises pendent state law claims under the Pennsylvania Human Relations Act, 43 P.S. § 951 et. seq. and related state laws.   This Court has original subject matter jurisdiction of this case under the aforementioned federal statutes as well as 28 U.S.C. §§ 1331 and 1343.   This Court also has supplemental jurisdiction of the state law claims raised by Plaintiff.

7.      Venue is proper in the Eastern District of Pennsylvania by virtue of Title 28 U.S.C §§ 1391 (b) and (c) because Plaintiff lives within the boundaries of the Eastern District of Pennsylvania, the incidents in question occurred within the Eastern District of

Pennsylvania, and Defendants have a principal place of business within the Eastern District of Pennsylvania.

8.      All conditions precedent to the filing of this Complaint have occurred or have been complied with, to wit, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) at Docket Number 530-2017-03702 and all administrative proceedings before the EEOC have been concluded without resolution.   On March 13, 2020, the EEOC issued a Notice of Right To Sue to the Plaintiff indicating the termination of the charge filed with the EEOC.   (A copy of the Notice of Right to Sue issued by the EEOC is attached hereto as Exhibit A).

## FACTUAL BACKGROUND

9.      At all times relevant hereto, the Defendant employed 15 or more employees.

10.      Plaintiff was hired by Wackenhut Corrections Corporation in 1998 to work at the George W. Hill Correctional Facility in Thornton, Pennsylvania.

11.      In 2009, the Defendant CEC assumed operation, control and management of the George W. Hill Correctional Facility and Plaintiff became an employee of Defendant CEC.

12.      Prior to filing his charge with the EEOC, Plaintiff had been employed by Defendant CEC as a Records Supervisor at the George W. Hill Correctional Facility.

13.      Plaintiff is currently employed by the Defendants as a Records Clerk at the George W. Hill Correctional Facility.

14.      Since 2009 and up to January of 2017, Plaintiff has applied for various positions with the Defendant CEC that would have been a promotion for the Plaintiff.

3

15.     In or about January 2017, the position of Human Resources Manager with the Defendant CEC at the George W. Hill Correctional Facility in Thornton, Pennsylvania became open and available.

16.     In or about January 2017, the Defendant CEC posted the position of Human Resources Manager at the George W. Hill Correctional Facility as open and available and invited individuals to submit applications for such position.

17.     On or about January 9, 2017, Plaintiff applied for the position of Human Resources Manager with the Defendant CEC at the George W. Hill Correctional Facility.

18.     At the time Plaintiff applied for the position of Human Resources Manager at the George W. Hill Correctional Facility, Plaintiff was employed as a Records Supervisor with the Defendant CEC and was paid by the hour for his services.

19.     At the time Plaintiff applied for the position of Human Resources Manager at the George W. Hill Correctional Facility, Plaintiff met all the qualifications that were listed and posted for said position.

20.     At the time Plaintiff applied for the position of Human Resources Manager at the George W. Hill Correctional Facility Plaintiff was earning approximately $40,000 per year as an employee of the Defendant CEC.

21.     It is believed and therefore averred, that the position of Human Resources Manager at the George W. Hill Correctional Facility paid a salary of approximately $85,000 per year.

22.     Prior to applying for the position of Human Resources Manager at the

4

Plaintiff.

30.     Plaintiff believes, and therefore avers, that at the time of Ms. Riddle's hiring to the Human Resources Manager position Lisa Riddle had less working experience with the Defendant CEC than Plaintiff.

31.     Plaintiff avers that at the time of Ms. Riddle's hiring to the Human Resources Manager position Lisa Riddle had less seniority with the Defendant CEC than the Plaintiff.

32.     Plaintiff avers that at the time of Ms. Riddle's hiring to the Human Resources Manager position Lisa Riddle had less seniority at the George W. Hill Correctional Facility than the Plaintiff.

33.     Plaintiff believes, and therefore avers, that at the time of Ms. Riddle's hiring to the Human Resources Manager position Lisa Riddle had less of the posted and listed qualifications for the position of Human Resources Manager for the George W. Hill Correctional Facility than did the Plaintiff.

34.     On August 18, 2017, Plaintiff filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission (PHRC) alleging discrimination and retaliation in regards to Defendant CEC's failure to hire the Plaintiff for the position of Human Resources Manager for the George W. Hill Correctional Facility.

35.     On February 6, 2018, the Defendant CEC filed a Position Statement in response to Plaintiff's formal Charge of Discrimination.

36.     Within that Position Statement, Defendant CEC admitted that Defendant

CEC was Plaintiff's employer at the time that Plaintiff applied for, and was denied the position of, Human Resources Manager.

37.     Within that Position Statement, Defendant CEC admitted that Defendant GEO Group acquired Defendant CEC in 2017 and took over the operations of the George W. Hill Correctional Facility at that time.

38.     After filing the formal Charge of Discrimination with the EEOC, Plaintiff's title with the Defendants was downgraded from Records Supervisor to Records Clerk.

39.     Plaintiff believes, and therefore avers, that Plaintiff's title with the Defendants was downgraded by the Defendants in retaliation for Plaintiff's filing of the complaint with the EEOC.

40.     The Defendants continue to refuse to hire Plaintiff to the position of Human Resources Manager for the George W. Hill Correctional Facility.

41.     As a result of Defendants' conduct as outlined above, Plaintiff has suffered and will continue to suffer damages and harm including loss of wages and other employment benefits.

42.     As a result of Defendants' conduct as outlined above, Plaintiff has suffered and will continue to suffer damages and harm including embarrassment, inconvenience, mental anguish, anxiety, humiliation and other damages for which Plaintiff is entitled to compensation.

43.     Plaintiff has previously filed a formal written complaint with the EEOC alleging discrimination and retaliation by the Defendants similar to the allegations set forth

within this Complaint.   Such complaint filed with the EEOC was dual filed with the Pennsylvania Human Relations Commission (PHRC).

44.    Plaintiff has received a Notice of Right to Sue from the EEOC advising the Plaintiff that Plaintiff has the right to bring a lawsuit related to this matter.

**COUNT I**
**PLAINTIFF V. DEFENDANTS**
**VIOLATION OF THE TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**AS AMENDED**

45.    Plaintiff incorporates each and every paragraph above as though the same were set forth fully herein.

46.    Defendants' actions outlined above constitute discrimination against the Plaintiff because of his race, color and ethnicity in violation of Title VII of the Civil Rights Act of 1964 as amended.

47.    Defendants' actions indicated above constitute retaliation against the Plaintiff because of Plaintiff's reports of, and attempts to remedy, the discriminatory conduct of Defendants.   Defendants' retaliatory conduct against the Plaintiff is in violation of Title VII of the Civil Rights Act of 1964 as amended.

48.    As a result of the discriminatory conduct of the Defendants, Plaintiff has suffered a loss of wages, compensation and other employee benefits and may continue to suffer such loss of wages, compensation and employee benefits in the future.

49.    As a result of the discriminatory conduct of the Defendants, Plaintiff has suffered embarrassment, inconvenience, mental anguish, anxiety, humiliation and other

damages for which Plaintiff is entitled to compensation and may continue to suffer such damages in the future.

50.    Plaintiff alleges that Defendants' conduct was intentional and was done with malice or reckless indifference to the federally protected rights of the Plaintiff entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests judgment in favor of the Plaintiff and against the Defendants and further requests that the Court enter an award granting Plaintiff back pay, front pay, hiring to the position of Human Resources Manager or similar position, continuation of all job benefits, compensatory damages and other compensation allowed by law.    Plaintiff also requests that Defendants be ordered to pay punitive damages to the Plaintiff.    Plaintiff also requests reimbursement of attorney's fees, costs and expenses of this litigation and such further relief as the Court deems necessary and appropriate.

## COUNT II
## PLAINTIFF V. DEFENDANTS
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

51.    Plaintiff incorporates each and every paragraph above as though the same were set forth fully herein.

52.    Defendants' actions outlined above constitute discrimination against the Plaintiff because of his race, color and ethnicity in violation of the Pennsylvania Human Relations Act, 43 P.S. §951 et. seq. (PHRA).

53.    Defendants' actions indicated above constitute retaliation against the Plaintiff because of his report of, and attempts to remedy, the discriminatory conduct of

# EXHIBIT A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Emmanuel Asante<br>30 North 3rd Street<br>Darby, PA 19023 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-03702 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Jamie R. Williamson_                    3/13/2020

Jamie R. Williamson,                    (Date Mailed)
District Director

Enclosures(s)

cc:   Elior Shiloh, Esq.                         Gary Martoccio, Esq.
      LEWIS BRISBOIS BISGAARD & SMITH LLP        SPIELBERGER LAW GROUP
      77 Water Street, Suite 2100                202 S Hoover Blvd
      New York, NY 10005                         Tampa, FL 33609

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** **2 years (3 years)** **before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*